UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                    Plaintiff,

                    -v-

RAFAEL ALVAREZ and ATAX NEW YORK LLC,
d/b/a ATAX NEW YORK-MARBLE HILL, d/b/a
ATAX CORPORATION,

                                    Defendants.

21 Civ. 1930 (JSR)

## STIPULATION AND [PROPOSED] ORDER OF PERMANENT INJUNCTION, SETTLEMENT, AND DISMISSAL

WHEREAS, Plaintiff the United States of America (the "United States" or

"Government") filed a complaint in the above-captioned matter on March 5, 2021

("Complaint"), seeking the entry of a permanent injunction against defendants Rafael Alvarez

("Alvarez") and ATAX New York LLC, d/b/a ATAX New York-Marble Hill, d/b/a ATAX

Corporation ("ATAX New York" and together, "Defendants") and an order requiring Defendants

to disgorge Defendants' net profits for preparing federal tax returns in which Defendants are

alleged to have made reckless or fraudulent claims with respect to their customers' federal

income tax liability;

WHEREAS, the Complaint alleges that, in 2016, 2017, 2018, and 2019 (the four years

being the "Covered Period") ATAX New York operated a tax preparation store located at 5536

Broadway, Bronx, NY 10463 (the "Marble Hill Location"), and Alvarez prepared, and

supervised preparation of, tax returns at the Marble Hill Location;

1

WHEREAS, the Complaint alleges that during the Covered Period, ATAX New York filed over 36,000 federal income tax returns and Alvarez was listed as the paid preparer on over 840 returns as preparer from the Marble Hill Location, and that Alvarez also altered tax returns initially prepared by other ATAX New York tax preparers that were submitted to the IRS using the Preparer Tax Identification Numbers ("PTIN") of those other preparers;

WHEREAS the Government alleges that during the Covered Period, Defendants prepared and filed fraudulent tax returns for the customers of ATAX New York. The conduct described in this Paragraph is the "Covered Conduct" for purposes of this Stipulation; and

WHEREAS the United States and Defendants (together, the "Parties") desire to resolve all claims in this action, and to obtain an order from this Court encompassing the terms of said settlement;

**ACCORDINGLY, IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:**

1. Defendants admit, acknowledge, and accept responsibility for the following (the "Admitted Conduct"):

    A. From 2016 through 2019, ATAX New York operated a tax preparation store located at 5536 Broadway, Bronx, NY 10463. ATAX New York charged fees to its customers for the preparation of federal tax returns.

    B. Alvarez is a tax preparer and the sole member of ATAX New York. He has been preparing tax returns since at least 1990. Alvarez prepared tax returns for ATAX New York customers and supervised and directed other ATAX New York personnel.

    C. Between 2016 and 2019, Defendants prepared and filed many federal income tax returns for customers of ATAX New York that included claims of expenses,

losses, or "head of household" status that lacked adequate supporting information or documentation. These unsupported entries caused the customers' tax liabilities to be substantially understated. Defendants had no adequate basis for including these entries on their customers' returns.

    D.  The Marble Hill Location generated net profits for the Defendants for the time period from 2016 to 2019.

2.    As of the date this Stipulation and Order is entered, Defendants are hereby permanently enjoined from, directly or indirectly:

    A.  Acting as federal tax return preparers or requesting, assisting in, consulting on, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than for Alvarez or his spouse, if filing jointly, or to review and sign a federal tax return or related document for a single-member limited liability company in which Alvarez is the sole member, or to assist a return preparer with the preparation of such federal tax documents, but only if the federal tax document is prepared by a licensed tax preparer;

    B.  Preparing or filing, or assisting in preparing or filing, any federal tax return, amended return, or other federal tax document or form for any person other than for Alvarez or his spouse, if filing jointly, or to review and sign a federal tax return or related document for a single-member limited liability company in which Alvarez is the sole member, or to assist a return preparer with the preparation of such federal tax documents, but only if the federal tax document is prepared by a licensed tax preparer;

C.  Representing any person before the IRS, or advising, assisting, counseling, or instructing anyone about preparing a federal tax return, other than Alvarez or his spouse, or to review and sign a federal tax return or related document for a single-member limited liability company in which Alvarez is the sole member, or to assist a return preparer with the preparation of such federal tax documents, but only if the federal tax document is prepared by a licensed tax preparer;

D.  Operating, managing, working in, controlling, licensing or serving as a consultant for a tax return preparation business;

E.  Franchising a tax return preparation business or having an ownership interest in an entity (other than a publicly-traded company) that is in the business of (a) preparing federal tax returns or other federal tax documents or forms for other persons or representing any person before the IRS; (b) advising, assisting, counseling, or instructing anyone about preparing a federal tax return; or (c) licensing rights to operate a tax preparation business or any other tax preparation products; except this Paragraph 2.E shall not bar defendant Rafael Alvarez from:

    i.  receiving fees or remuneration arising from the provision of software to tax preparation companies;

    ii.  owning, operating, managing, or working in a company that provides software to tax preparation companies or from receiving fees, remuneration or distributions arising from that ownership or activity; or

    iii.  owning a minority interest in a business that acts as a franchisor to franchisees that operate tax preparation stores or from receiving fees, remuneration or distributions arising from that ownership prior to July 1,

2022, provided that, under the terms of this permanent injunction, defendant Rafael Alvarez may not advise, assist, counsel, or instruct anyone about preparing a federal tax return, and that, on or before July 1, 2022, defendant Rafael Alvarez shall divest any ownership interest in a business that acts as a franchisor to franchisees that operate tax preparation stores and, from that date forward, shall not receive any fees, remuneration or distributions arising from that ownership nor shall he hold any future ownership interest in such a business.

F.  Receiving fees or remuneration from a tax preparation business for services arising from any federal tax preparation services rendered by either Defendant or Defendants of federal tax returns;

G.  Training, advising, counseling, instructing or teaching anyone about the preparation of federal tax returns;

H.  Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number or an Electronic Filing Identification Number;

I.  Providing office space for any person or entity that is in the business of preparing or filing federal tax returns or other federal tax documents or forms for others or representing persons before the IRS, except that in the event that Alvarez owns property that contains office space and seeks to rent such office space to the general public, Alvarez may rent or lease such office space to a tax preparation company so long as that company has no relationship with Alvarez other than in the context of the landlord-tenant relationship.

J.  Selling, providing access, or otherwise transferring to any person some or all of the assets of ATAX New York generated by its tax return preparation activities, including but not limited to assets such as customer lists;

K.  Advertising tax return preparation services through any medium, including the internet and social media;

L.  Referring any of Defendants' customers to a tax preparation firm or a tax return preparer, or otherwise suggesting that such a customer use any particular tax preparation firm or tax return preparer;

M.  Engaging in any conduct that violates 26 U.S.C. §§ 6694 or 6701; and

N.  Engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

3.    Pursuant to 26 U.S.C. § 7402, Defendants shall pay to the Government within fourteen (14) business days of the entry of this Stipulation and Order the sum of one hundred fifty-nine thousand six hundred dollars ($159,600) (the "Settlement Amount") in accordance with instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of New York. The entirety of this amount solely constitutes disgorgement to the United States.

4.    Pursuant to 26 U.S.C. § 7402, Alvarez shall, within 60 days of the Court's order, file a declaration, signed under penalty of perjury, confirming that he has received a copy of the Court's order and complied with its terms as of the date of the declaration.

5.    Defendants agree that they shall not seek indemnification from any source with respect to any portion of the Settlement Amount.

6.     Defendants, having truthfully admitted to the Admitted Conduct set forth in Paragraph 1 hereof, agree they shall not, through their attorneys, agents, officers, or employees, make any public statement, including but not limited to, any statement in a press release, social media forum, or website, that contradicts or is inconsistent with the Admitted Conduct, as expressly defined above, or suggests that the Admitted Conduct is not wrongful (a "Contradictory Statement"). Any Contradictory Statement by Defendants, their attorneys, agents, officers, or employees, shall constitute a violation of this Stipulation, thereby authorizing the Government to pursue any of the remedies set forth in Paragraph 12 hereof, or seek other appropriate relief from the Court. Before pursuing any remedy, the Government shall notify the relevant Defendant that it has determined that a Defendant has made a Contradictory Statement. Upon receiving notice from the Government, a Defendant may cure the violation by repudiating the Contradictory Statement in a press release or other public statement within four business days. If a Defendant learns of a potential Contradictory Statement by its attorneys, agents, officers, or employees, that Defendant must notify the Government of the statement within 24 hours. The decision as to whether any statement constitutes a Contradictory Statement or will be imputed to a Defendant for the purpose of this Stipulation, or whether a Defendant adequately repudiated a Contradictory Statement to cure a violation of this Stipulation, shall be within the sole discretion of the Government. Consistent with this provision, a Defendant may raise defenses and/or assert affirmative claims or defenses in any proceeding brought by private and/or public parties, so long as doing so would not contradict or be inconsistent with the Admitted Conduct.

7.     Defendants agree to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Stipulation. Upon reasonable notice, Defendants shall encourage, and agree not to impair, the cooperation of its members and any current employees,

and shall use its best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. Defendants further agree to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in its possession, custody, or control concerning any investigation of the Covered Conduct that it has undertaken, or that has been performed by another on its behalf.

8.      Defendants waive and shall not assert any defenses that Defendants may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action.

9.      Subject to the exceptions in Paragraph 10 and subject to Paragraph 12 and Paragraph 13 below, and conditioned on Defendants' full compliance with the terms of this Stipulation, including full payment of the Settlement Amount to the United States pursuant to Paragraph 3 above, the United States releases Defendants, including its subsidiaries and corporate predecessors, successors and assigns, from any civil claims for equitable relief (including disgorgement) pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408 that the United States has for the Covered Conduct. For the avoidance of doubt, this Stipulation does not release any current or former officer, director, employee, or agent of Defendants other than Alvarez, from liability of any kind.

10.    Notwithstanding the releases given in Paragraph 9 above, or any other term of this Stipulation, the following claims of the Government are specifically reserved and are not released by this Stipulation:

    A.  any criminal liability;

    B.  any penalties or any other claims asserted by the Internal Revenue Service in administrative or other actions arising from such claims, including but not limited to any penalties asserted by the Internal Revenue Service pursuant to 26 U.S.C. §§ 6694, 6695, and 6701, and including with respect to any tax returns prepared by the Defendants during the Covered Period;

    C.  any liability to the United States (or its agencies) for any conduct other than the Covered Conduct, including any liabilities to the Internal Revenue Service; and

    D.  any liability based upon obligations created by this Stipulation.

11.    Defendants fully and finally release the United States, its agencies, officers, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, employees, servants, or agents related to the Covered Conduct or the United States' investigation, prosecution and settlement thereof.

12.    Defendants shall be in default of this Stipulation if Defendants fail to make the required payment set forth in Paragraph 3 above on or before the due date for such payment, or if Defendants fail to comply with any other term of this Stipulation ("Default"). If a Default occurs because Defendants have failed to make the required payment set forth in Paragraph 3 above on or before the due date for such payment (a "Payment Default Event"), the Government will

9

provide a written Notice of Default to Defendants in the manner set forth in Paragraph 22 below.

Defendants shall then have an opportunity to cure the Payment Default Event within seven (7)

calendar days from the date of receipt of the Notice of Default by making the payment due. If

Defendants fail to cure the Payment Default Event within seven (7) calendar days of receiving

the Notice of Default ("Uncured Payment Default Event"), interest on the remaining unpaid

balance shall thereafter accrue at the post-judgment interest rate provided in 28 U.S.C. § 1961 on

the remaining unpaid total (principal and interest balance). In the event of an Uncured Default,

Defendants shall agree to the entry of a consent judgment in favor of the United States against

Defendants in the amount of the Settlement Amount as attached hereto as Exhibit A.  Defendants

also agree that the United States, at its sole discretion, may (i) retain any payments previously

made, rescind this Stipulation, and reinstate the claims asserted against Defendants in the

Complaint, or bring any civil and/or administrative claim, action, or proceeding against

Defendants for the claims that would otherwise be covered by the releases provided in Paragraph

9 above, with any recovery reduced by the amount of any payments previously made by

Defendants to the United States under this Stipulation; (ii) take any action to enforce this

Stipulation in a new action or by reinstating the Complaint; (iii) offset the remaining unpaid

balance from any amounts due and owing to Defendants and/or affiliated companies by any

department, agency, or agent of the United States at the time of Default or subsequently; and/or

(iv) exercise any other right granted by law, or under the terms of this Stipulation, or

recognizable at common law or in equity. The United States shall be entitled to any other rights

granted by law or in equity by reason of the Payment Default Event, including referral of this

matter for private collection. In the event the United States pursues a collection action,

Defendants agree immediately to pay the United States the greater of (i) a ten-percent (10%)

surcharge of the amount collected, as allowed by 28 U.S.C. § 3011(a), or (ii) the United States'

reasonable attorneys' fees and expenses incurred in such an action. In the event that the United

States opts to rescind this Stipulation pursuant to this paragraph, Defendants waive and agree not

to plead, argue, or otherwise raise any defenses of statute of limitations, laches, estoppel or

similar theories, to any civil or administrative claims that (i) are filed by the United States

against Defendants within 120 days of written notification that this Agreement has been

rescinded, and (ii) relate to the Covered Conduct, except to the extent these defenses were

available on March 5, 2021. Defendants agree not to contest any offset, recoupment, and/or

collection action undertaken by the United States pursuant to this paragraph, either

administratively or in any state or federal court, except on the grounds of actual payment to the

United States.

13.     In exchange for valuable consideration provided in this Stipulation, Defendants

acknowledge the following:

> A. In evaluating whether to execute this Agreement, the Parties intend that the mutual
> promises, covenants, and obligations set forth herein constitute a contemporaneous
> exchange for new value given to Defendants, within the meaning of 11 U.S.C. §
> 547(c)(1), and the Parties conclude that these mutual promises, covenants, and
> obligations do, in fact, constitute such a contemporaneous exchange.
>
> B. The mutual promises, covenants, and obligations set forth herein are intended by
> the Parties to, and do in fact, constitute a reasonably equivalent exchange of value.
>
> C. The Parties do not intend to hinder, delay, or defraud any entity to which
> Defendants were or became indebted on or after the date of any transfer
> contemplated in this Stipulation, within the meaning of 11 U.S.C. § 548(a)(1).

D. If Defendants' obligations under this Stipulation are avoided for any reason (including but not limited to through the exercise of a trustee's avoidance powers under the Bankruptcy Code) or if, before the Settlement Amount is paid in full, Defendants or a third party commences a case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors seeking any order for relief of a Defendant's debts, or to adjudicate a Defendant as bankrupt or insolvent, or seeking appointment of a receiver, trustee, custodian, or other similar official for a Defendant or for all or any substantial part of a Defendant's assets:

    i. the United States may rescind the releases in this Stipulation and bring any civil and/or administrative claim, action, or proceeding against a Defendant for the claims that would otherwise be covered by the releases provided in Paragraph 9 above;

    ii. the United States has an undisputed, noncontingent, and liquidated allowed claim against Defendants in the amount of one hundred fifty-nine thousand six hundred dollars ($159,600), less any payments received pursuant to the Stipulation, provided, however, that such payments are not otherwise avoided and recovered from the United States by Defendants, a receiver, trustee, custodian, or other similar official for Defendants; and

E. Defendants agree that any civil and/or administrative claim, action, or proceeding brought by the United States under Paragraph 12 above is not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) because it would be an exercise of the United States' police and regulatory power. Defendants shall not argue or

otherwise contend that the United States' claim, action, or proceeding is subject to an automatic stay and, to the extent necessary, consents to relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1). Defendants waive and shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claim, action, or proceeding brought by the United States within 120 days of written notification to Defendants that the releases have been rescinded pursuant to this paragraph, except to the extent such defenses were available on March 5, 2021.

14.    The United States is authorized to take post-judgment discovery from Defendants in order to monitor and ensure Defendants' compliance with this Stipulation.

15.    This Court shall retain jurisdiction over Defendants and over this action to enforce any injunction entered against them.

16.    Any failure by the Government to insist upon the full or material performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the Government, notwithstanding that failure, shall have the right thereafter to insist upon the full or material performance of any and all of the provisions of this Stipulation.

17.    This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

18.    This Stipulation constitutes the complete agreement between the Parties with respect to the subject matter hereof. This Stipulation may not be amended except by written consent of the

Parties. Forbearance by the United States from pursuing any remedy or relief available to it under this Agreement shall not constitute a waiver of rights under this Stipulation.

19.     The undersigned counsel and other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and the entities indicated below.

20.     This Stipulation is binding on Defendants' successors, transferees, heirs, and assigns.

21.     This Stipulation neither precludes the United States or its agencies from pursuing any other current or future administrative, civil, or criminal matter or proceeding against Defendants, except as to claims that the Government expressly released in this Stipulation, nor precludes either Alvarez or ATAX New York from contesting liability in any other such matter or proceeding.

22.     Any notice pursuant to this Stipulation shall be in writing and shall, unless expressly provided otherwise herein, be delivered by hand, express courier, or e-mail transmission followed by postage-prepaid mail, and shall be addressed as follows:

        TO THE UNITED STATES:

        Charles S. Jacob
        Ilan Stein
        Assistant United States Attorneys
        United States Attorney's Office
        Southern District of New York
        86 Chambers Street, Third Floor
        New York, New York 10007
        Email: charles.jacob@usdoj.gov
             ilan.stein@usdoj.gov


        TO DEFENDANTS:

        Rafael Alvarez
        122 Lockwood Avenue
        Cortland Manor, New York 10567

With a copy to:

Richard W. Mark
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Email:  RMark@gibsondunn.com

23.     This Stipulation may be executed in counterparts, each of which constitutes an original

and all of which constitute one and the same Stipulation. E-mails that attach signatures in PDF

form or facsimiles of signatures shall constitute acceptable, binding signatures for purposes of

this Stipulation.

SO STIPULATED AND AGREED TO BY:

Dated: New York, New York                    Dated: New York, New York
       June 2, 2021                                 June __, 2021

       AUDREY STRAUSS                        GIBSON, DUNN & CRUTCHER LLP
       United States Attorney for the
       Southern District of New York

By: _____               _____
       CHARLES S. JACOB                      Richard W. Mark
       ILAN STEIN                            Emily Black
       Assistant United States Attorneys     200 Park Avenue
       86 Chambers Street, 3rd Floor         New York, New York 10166
       New York, New York 10007              Tel: (212) 351-4000
       Tel.: (212) 637-2725/2525             Email: RMark@gibsondunn.com
       Email: charles.jacob@usdoj.gov
              ilan.stein@usdoj.gov           *Counsel for Defendants*
       *Counsel for the Government*


                                             ATAX New York LLC

                                             _____
                                             By: Rafael Alvarez
                                                 122 Lockwood Avenue
                                                 Cortland Manor, New York 10567

                                             RAFAEL ALVAREZ

                                             _____
                                             122 Lockwood Avenue
                                             Cortland Manor, New York 10567


SO ORDERED:

Dated: New York, New York
       June 4, 2021


                                             _____
                                             HON. JED S. RAKOFF
                                             United States District Judge

16

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                            Plaintiff,

            -v-                                                    21 Civ. 1930 (JSR)

RAFAEL ALVAREZ and ATAX NEW YORK LLC,
d/b/a ATAX NEW YORK-MARBLE HILL, d/b/a
ATAX CORPORATION,

                            Defendants.

## JUDGMENT

Upon the consent of plaintiff the United States of America and Defendants Rafael

Alvarez ("Alvarez") and ATAX New York LLC, d/b/a ATAX New York-Marble Hill, d/b/a

ATAX Corporation ("ATAX New York" and together, "Defendants"), it is hereby:

ORDERED, ADJUDGED and DECREED: that plaintiff the United States of America is

awarded judgment in the amount of $159,600 against Defendants as well as post-judgment

interest at the rate provided in 28 U.S.C. § 1961.

SO STIPULATED AND AGREED TO BY:

Dated: New York, New York
_____, 2021

     AUDREY STRAUSS
     United States Attorney for the
     Southern District of New York

By: _____
     CHARLES S. JACOB
     ILAN STEIN
     Assistant United States Attorneys
     86 Chambers Street, 3rd Floor
     New York, New York 10007
     Tel.: (212) 637-2725/2525
     Email:  charles.jacob@usdoj.gov
           ilan.stein@usdoj.gov
     *Counsel for the Government*

Dated: New York, New York
_____, 2021

     GIBSON, DUNN & CRUTCHER LLP

_____
     Richard W. Mark
     Emily Black
     200 Park Avenue
     New York, New York 10166
     Tel:  (212) 351-4000
     Email:  RMark@gibsondunn.com

     *Counsel for Defendants*

SO ORDERED:

Dated: New York, New York
\_\_\_\_\_6/4\_\_, 2021

_____
HON. JED S. RAKOFF
United States District Judge